IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC, A DOMESTIC LIMITED LIABILITY COMPANY,<br>Appellant,<br>vs.<br>BANK OF AMERICA, N.A.,<br>Respondent. | No. 63313<br><br>**FILED**<br><br>NOV 1 4 2014<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY S. Young<br>DEPUTY CLERK |

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order, certified as final under NRCP 54(b), granting a motion to dismiss in a wrongful foreclosure and quiet title action. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Appellant purchased the subject property at Sweetwater Homeowners' Association, Inc.'s foreclosure sale, conducted to enforce Sweetwater's delinquent assessment lien. Appellant then filed a claim to quiet title against respondent as part of the underlying wrongful foreclosure action instituted by nonparty Jason French. The district court granted respondent's motion to dismiss, finding that appellant had failed to state a viable claim for relief because under NRS 116.3116(2), "for an HOA's lien to obtain super priority status an HOA must institute an 'action to enforce the lien,'" which "means a judicial foreclosure, not a non-judicial foreclosure."

This court's recent disposition in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), decides that a common-interest community association's NRS 116.3116(2) superpriority lien has true priority over a first security interest, and the association may

14-37559

nonjudicially foreclose on that lien. The district court's decision thus was based on an erroneous interpretation of the controlling law and did not reach the other issues colorably asserted. Accordingly, we

REVERSE the order granting the motion to dismiss AND REMAND this matter to the district court for further proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Douglas

CHERRY, J., concurring:

For the reasons stated in the *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), dissent, I disagree that respondent lost its lien priority by virtue of the homeowners association's nonjudicial foreclosure sale. I recognize, however, that *SFR Investments* is now the controlling law and, thusly, concur in the disposition of this appeal.

_____, J.
Cherry

cc: Hon. Douglas W. Herndon, District Judge
Howard Kim & Associates
Akerman LLP/Las Vegas
Eighth District Court Clerk